UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3408 PSG (BFMx) | Date | August 20, 2024 |
|---|---|---|---|
| Title | Andrei Savchuk v. Ur M. Jaddou, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Derek Davis | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order DENYING Defendants' Motion to Dismiss [14]

Before the Court is a motion to dismiss filed by Defendants United States Citizenship and Immigration Services ("USCIS"), USCIS Director Ur M. Jaddou, and USCIS Los Angeles Asylum Office ("LA Asylum") (collectively, "Defendants"). *See* Dkt. # 14 ("*Mot.*").  Plaintiff Andrei Savchuk ("Savchuk") opposed, *see* Dkt. # 15 ("*Opp.*"), and Defendants replied, *see* Dkt. #18 ("*Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P, 78; L.R. 7-15.  Having considered the moving papers, the Court **DENIES** Defendants' motion to dismiss.

I.   Background

Savchuk brings this action seeking a writ of mandamus to compel Defendants to schedule his asylum interview as soon as practicable.  *See generally* Dkt. # 1 ("*Compl.*").

Savchuk, a Russian citizen, entered the United States in October 2019.  *Id.* ¶ 14.  In March 2020, Savchuk filed applications for asylum and withholding of removal with LA Asylum based on life threats and physical violence he experienced in Russia.  *Id.*  USCIS acknowledged receipt of the application.  *Id.* ¶ 15.  In October 2020, Savchuk and his family completed a biometrics processing appointment.  *Id.* ¶ 16. Savchuk's application for asylum has been pending for four years, *id.* ¶ 17, but he has yet to be scheduled an interview, *id.* ¶ 19.

On April 22, 2024, Savchuk filed this action.  *See generally Compl*.  Savchuk claims that (1) Defendants have unreasonably delayed adjudication of his asylum application under Administrative Procedure Act ("APA") §§ 555(b) and 706(1); and (2) the Court has authority under the Mandamus Act, 28 U.S.C. § 1361, to compel Defendants to act.  *See generally id.*
Defendants now move to dismiss the action under to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), arguing (1) that the Court lacks subject matter jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3408 PSG (BFMx) | Date | August 20, 2024 |
|---|---|---|---|
| Title | Andrei Savchuk v. Ur M. Jaddou, et al. | | |

because the government has no duty to adjudicate asylum applications within a specific timeframe; and (2) the delay in adjudicating Savchuk's application is reasonable. *See generally Mot.*

II.  Legal Standard

   A.  Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and possess only the power authorized by federal statute and Article III of the United States Constitution. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts cannot consider claims for which they lack subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Rule 12(b)(1) permits a party to assert the defense of "lack of subject-matter jurisdiction" at any time, and Rule 12(h)(3) requires courts to raise the issue sua sponte if the parties do not. *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction."); *see also* Fed. R. Civ. P. 12(h)(1) (providing that certain Rule 12(b) defenses can be waived but excluding lack of subject matter jurisdiction).

   B.  Rule 12(b)(6)

To survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give each defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp*, 550 U.S. at 555; *see Horosny v. Burlington Coat Factory, Inc.*, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015).

In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3408 PSG (BFMx) | Date | August 20, 2024 |
|---|---|---|---|
| Title | Andrei Savchuk v. Ur M. Jaddou, et al. | | |

The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III. Discussion

    A. Lack of Jurisdiction: Duty to Adjudicate Within a Specific Time [1]

The Court "can compel agency action under [5 U.S.C. § 706(1)] only if there is a specific, unequivocal command placed on the agency to take a discrete agency action, and the agency has failed to take that action." *Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal quotation marks omitted). Defendants argue that the Court lacks subject matter jurisdiction under APA § 706(1) because (1) there is no mandatory duty to adjudicate asylum applications within a specific timeframe, and (2) Savchuk lacks a private right of action to enforce the timetables of the Immigration and Nationality Act ("INA") § 1158(d)(5)(A). *Mot.* 11:1–12:2; *Reply* 2:19–22. Although the Court agrees that it lacks jurisdiction under the INA, APA § 555(b) provides a mandatory duty to adjudicate Savchuk's application within a reasonable time and therefore the Court retains jurisdiction.

        i. INA § 1158

Section 1158(d)(5)(A) of the INA contains two provisions that establish timetables for the adjudication of asylum applications. First, "*in the absence of exceptional circumstances*, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii) (emphasis added). Second, "*in the absence of exceptional circumstances*, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." *Id.* § 1158(d)(5)(A)(iii) (emphasis added). The plain language of the statute allows "at least some degree of discretion," and therefore the timetables are not

---

[1] Because the standards for challenging agency inaction under the APA and the Mandamus Act are the same, the Court elects to analyze the mandamus claim under the APA. *Cheng v. Baran*, No. 17-cv-2001-RSWL-KS, 2017 WL 3326451, at *8 (C.D. Cal. Aug. 3, 2017); *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3408 PSG (BFMx) | Date | August 20, 2024 |
|---|---|---|---|
| Title | Andrei Savchuk v. Ur M. Jaddou, et al. | | |

mandatory. *See Ma v. Jaddou*, No. 2:22-CV-04210-MWF (KS), 2022 WL 17254783, at *3 (C.D. Cal. Sept. 26, 2022). *But see Tailawal v. Alejandro Mayorkas, Sec'y of Homeland Sec.*, No. LA CV 22-01515-SPG-RAO, 2022 WL 4493725, at *3 (C.D. Cal. Aug. 18, 2022) ("The language of Section 1158(d)(5)(A)(ii) is mandatory.").

Further, the INA provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7); *see also Liuqing Zhu v. Cissna*, No. CV 18-9698 PA (JPRx), 2019 WL 3064458, at *3 (C.D. Cal. Apr. 22, 2019) (collecting cases that declined to conclude that a private right of action exists). To the extent, if any, Savchuk attempts to enforce the timetables in INA § 1158(d)(5)(A), this Court lacks jurisdiction under the INA.

The Court recognizes, as Savchuk correctly highlights, that the INA § 1158(d)(7) does not include jurisdiction-stripping language, while other provisions of the INA do. *Opp.* 3:16–5:3; *see, e.g.*, *Varol v. Radel*, 420 F. Supp. 3d 1089, 1096 (S.D. Cal. 2019) (collecting other statutory provisions that expressly preclude judicial review); 8 U.S.C. § 1158(a)(3) ("[N]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."). But "where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *see also Ekimian v. INS*, 303 F.3d 1153, 1158–59 (9th Cir. 2002) (holding that where a relevant statute does not supply a definition of "exceptional circumstances" no meaningful standard exists to evaluate an agency's determination). Therefore, because INA §§ 1158(d)(5)(A)(ii)–(iii) include the phrase "exceptional circumstances" and no definition for a meaningful standard is supplied by the INA, the Court will not review this action under the INA.

Although the INA provides him no relief, the Court retains jurisdiction because, as discussed below, Savchuk has identified APA § 555(b) as a basis for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3408 PSG (BFMx) | Date | August 20, 2024 |
|---|---|---|---|
| Title | Andrei Savchuk v. Ur M. Jaddou, et al. | | |

       *ii.*     *APA § 555(b)*

The APA "imposes a general but nondiscretionary duty upon an administrative agency to pass upon a matter presented to it 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action unlawfully withheld or unreasonably delayed,' *id.* § 706(1)." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003). Savchuk does not seek to enforce the timetables in INA § 1158(d)(5)(A), *see Opp.* 6:5–9, but rather seeks declaration that Defendants' failure to schedule his asylum interview for more than four years is an unreasonable delay and unlawful withholding under APA §§ 555(b) and 706(1). *See generally Compl.* Accordingly, because Savchuk properly pleads an APA claim, the Court **DENIES** Defendants' motion to dismiss under Rule 12(b)(1) as the Court retains jurisdiction to hear Savchuk's APA claim.

      B.     <u>Failure to State a Claim</u>

Defendants argue that, even if the Court has jurisdiction, Savchuk fails to plausibly allege an unreasonable delay claim pursuant to the factors laid out in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). *Mot.* 12:5–7. The *TRAC* factors are: "(1) the time agencies take to make decisions must be governed by a 'rule of reason[ ]'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'" *TRAC*, 750 F.2d at 80 (citations and quotation omitted). But "[w]hat constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1071 (N.D. Cal.); *see Gelfer v. Chertoff*, No. C 06-06724 WHA, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007) (same).

Although the parties have briefed the *TRAC* factors and disagree whether there has been an unreasonable delay, the Court finds it inappropriate to conduct the fact-analysis at this stage. *See Tailawal*, 2022 WL 4493725, at *4 (collecting cases declining to conduct *TRAC* analysis at motion-to-dismiss stage); *Akbar v. Blinken*, No.: 23cv1054-LL-BLM, 2023 WL 8722119, at *4 (S.D. Cal. Dec. 18, 2023) (same). At this stage, Savchuk only needs to allege a legally cognizable theory and offer non-conclusory factual allegations sufficient to support that theory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3408 PSG (BFMx) | Date | August 20, 2024 |
|---|---|---|---|
| Title | Andrei Savchuk v. Ur M. Jaddou, et al. | | |

*See Moss*, 572 F.3d at 969; *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). And he has done that by alleging a four-year delay of a scheduled interview in comparison to the non-mandatory guiding timelines of INA § 1158(d)(5)(A), which appears unreasonable on its face. Accordingly, the Court **DENIES** Defendants' motion to dismiss under Rule 12(b)(6).

IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss.

**IT IS SO ORDERED.**